## DOYLE v MOORE

Ohio Appeals, 3rd Dist, Union Co.

No. 133.   Decided March 1, 1940.

C. A. Hoopes, Marysville, for plaintiff in error.

Robert Allen, for defendant in error.

### OPINION

By GUERNSEY, J.

This case is submitted to the court upon the motion of the defendant in error on the following orders:

1. Permitting the minutes on the trial docket, of the decision in the above entitled cause under date of January 28, 1933, to be journalized in conformity with the decision of the court.

2. Permitting said journal entry to be filed nunc pro tunc as of date January 28, 1933, January term of said court.

The minutes referred to in the motion are the minutes of the decision of this court of the date mentioned affirming the judgment of the Common Pleas Court of Union County, without penalty, at costs of plaintiff in error, and remanding the cause for execution.

The decision mentioned has not been entered on the journal of the court.

The petition in error in the case, which does not set forth any of the facts hereinafter mentioned, has not been amended and no pleadings of any character have been filed by or on behalf of any of the parties to the error proceeding in this court, alleging any of the facts hereinafter mentioned, or asking any relief by reason thereof.

It appears from the statements of counsel for both parties, made at the hearing of the motion, that on or about the 12th day of May, 1936, after the entry of the judgment of the Common Pleas Court in the cause and after bill of exceptions and petition in error had been filed in this court, the said Rolly Doyle filed in said cause in the Common Pleas Court, a bond with one C. W. Lee as surety, by the terms of which said C. W. Lee covenanted that the said Rolly Doyle would pay the judgment, interest and costs in the event that the decision of the Court of Common Pleas should be sustained by the Court of Appeals, and that action thereon brought by the defendant in error against the said C. W. Lee is now pending in the Common Pleas Court of Union County.

It further appears from the statements of counsel of both parties, made at the hearing of the motion, that on the first day of June, 1933, following the decision of this court, above mentioned, the plaintiff in error, Rolly Doyle, was adjudicated bankrupt in the District Court of the United States for the Southern District of Ohio, Eastern Division, and was granted a discharge in bankruptcy by said court under date of December 8, 1933, from all debts and claims which are made provable by the Acts of Congress relating to bankruptcy, against his estate and which existed on the first day of June A. D. 1933.

It does not appear that the proceedings in the Common Pleas Court were stayed by order of the Federal Court.

Upon the hearing of the motion, the plaintiff in error and the said C. W. Lee appeared by counsel and objected to the granting of the motion upon the ground that the discharge in bankruptcy of plaintiff in error, above mentioned, operates as a bar to the subsequent entry of the judgment affirming the judgment of the Common Pleas Court prescribed in the minutes of the decision mentioned; and that as the liability of C. W. Lee the surety on the bond, was conditioned upon the affirmance by this court of the judgment of the Common Pleas Court, and no entry of the decision of affirmance was made prior to the adjudication and discharge in bankruptcy of plaintiff in error, the said C. W. Lee as such surety is by the discharge of his principal in bankruptcy prior to the entry of judgment, released from liability upon said bond.

The rules applicable to this contention are that while the statutes are silent as to the necessity of pleadings other than a petition in error in error proceedings, facts occurring since the final judgment sought to be reversed, which in law operate as a release, waiver or bar to the errors assigned, may be pleaded in such error proceeding and relief granted thereon 2 O. Jur. page 328. Matthews v Davis, 39 Oh St 54; Meyer v O'Dwyer, 90 Oh St 241.

Such facts, however, must be taken advantage of by pleading in the error proceeding upon which issue of law or fact, issue may be joined and not otherwise. Collins v Davis, 32 Oh St 76.

The state court does not take judicial notice of bankruptcy proceedings in-

stituted by or against a party to a case pending before it, and unless the proceedings of the state court be stayed by the federal court, or ▆▆▆▆▆▆ the proceedings of the federal court set forth as a defense in the state court, the state court may proceed as if no bankruptcy proceedings had been begun. **Hoyles v Fidelity & Deposit Company of Maryland et, 18 Oh Ap 332.**

Applying these rules to the motion in the instant case it is obvious that as the facts mentioned in the statements of counsel are not ▆▆▆▆▆▆ pleaded in the error proceeding such facts do not constitute any bar to the granting of the motion of the defendant in error for entry of the judgment of affirmance upon the decision mentioned.

Whether the entry of the judgment should be made nunc pro tunc involves other considerations

Under the rules of the Courts of Appeals of Ohio it was the duty of the defendant in error, as the prevailing party, to prepare a journal entry of the decision of this court, and it is by reason of his default that entry of judgment has not been heretofore made.

Irrespective of whether the judgment of affirmance by this court is entered as of the present or nunc pro tunc, the liability of C. W. Lee, as surety on the bond, is by the terms of the bond fixed by the entry of the judgment.

The right of the court to enter judgment nunc pro tunc is available in the furtherance of justice only and in the instant case the entry of ▆▆▆▆▆▆ a judgment nunc pro tunc as prescribed in the motion of the defendant in error, would not operate as a furtherance of justice or as a furtherance of any other useful purpose.

The first branch of the motion for an order permitting the entry of the judgment will therefore be granted, and the second branch of the motion for an order permitting its entry nunc pro tunc will be overruled, and an order made that the steps for the formulation and completion of said judgment

entry be taken pursuant to Rule 8, immediately upon the announcement of the decision herein.

CROW, PJ. & KLINGER, J., concur.